UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil Action No.:
LANCE HAMILTON and TREVOR BOWEN,

                                Plaintiffs,   **VERIFIED COMPLAINT**

   -against-

THE CITY OF NEW YORK, SERGEANT JOSEPH
MONTUORI, SHIELD # 4222, DETECTIVE DAVID
SHAPIRO, SHIELD #6054, NEW YORK
CITY POLICE OFFICER WILLIAM CONNICK,
SHIELD # 9546, NEW YORK CITY
POLICE OFFICERS JOHN DOES "1-4",

                                   **ECF CASE**

                              Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, were falsely arrested, falsely imprisoned and maliciously prosecuted in violation of their Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants unlawfully confined the plaintiff, caused the unjustifiable arrest of the plaintiff, and caused the unlawful prosecution of the plaintiffs.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. That at all times hereinafter mentioned the plaintiff **LANCE HAMILTON** was and is a resident of the County of Queens, City and State of New York.

6. That at all times hereinafter mentioned the plaintiff **TREVOR BOWEN** was and is a resident of the County of Queens, City and State of New York.

7. New York City Police Ser SERGEANT JOSEPH MONTUORI, SHIELD # 4222is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department, assigned to the 101ST precinct.

8. SERGEANT JOSEPH MONTUORI is being sued in his individual and official capacity.

9. At all times relevant herein, defendants SERGEANT JOSEPH MONTUORI was acting under color of state law in the course and scope of their duties and

functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT**, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

10. New York City Police Detective David Shapiro ("Shapiro"), shield number 6054, is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department, assigned to the 103 Detective Squad.

11. Detective Shapiro is being sued in his individual and official capacity.

12. At all times relevant herein, defendants Detective David Shapiro was acting under color of state law in the course and scope of his duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT**, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.

13. New York City Police Officer William Connick ("Connick"), shield number 9546, is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department, assigned to the 103rd precinct.

14. New York City Police Officer William Connick is being sued in his individual and official capacity.

15. At all times relevant herein, defendants Officer William Connick was acting under color of state law in the course and scope of his duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT**, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.

16. Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

17. Defendant **CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

18. At all times relevant hereto, defendant **THE NEW YORK CITY POLICE DEPARTMENT (NYPD)** is a city agency organized under the Municipal Corporation Law of the City of New York to provide safety to the citizens of New York.

19. **POLICE OFFICERS, JOHN DOES "1"–"3",** (hereinafter defendants **POLICE OFFICERS**) are and were at all times relevant herein police officers, employees, and agents of the **NEW YORK CITY POLICE DEPARTMENT**.

20. Defendants **POLICE OFFICERS** are being sued in their individual capacities and official capacities.

21. At all times relevant herein, defendants **POLICE OFFICERS** were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT**, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

22. Defendants **POLICE OFFICERS** were acting for and on behalf of the **NEW YORK CITY POLICE DEPARTMENT**, at all times relevant herein, with the power and authority vested in them as police officers, agents and employees of the **NEW YORK CITY POLICE DEPARTMENT** and incidental to the lawful pursuit of their duties as police officers, employees and agents of the **NEW YORK CITY POLICE DEPARTMENT**.

23. At all times relevant hereto, defendants **POLICE OFFICERS** are individuals whose identities are not yet known to plaintiff and upon information and belief, participated in conjunction with defendants in causing the illegal arrest of plaintiff.

## NOTICE OF CLAIM

24. Plaintiffs in furtherance of their stated cause(s) of action, filed timely Notices of Claim against the City of New York within 90 days of the statutory date of accrual in compliance with the Municipal Law Section 50-e.

25. That more than thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment has been neglected or refused by the City of New York.

26. This action is being commenced within the applicable statute of limitation, within one year and ninety days of the date of occurrence (the time provided by law).

## FACTUAL ALLEGATIONS

27. The alleged incident took place on August 5, 2010.

28. On August 5, 2010, plaintiffs were alleged to have committed the murder of Damian Campbell.

29. Based upon alleged eyewitness testimony, the Plaintiffs were indicted and were incarcerated on Rikers Island, for over five years defending this case, indictment 2047/2010, Supreme Court, Queens County. All of this alleged testimony proved to be false at the trial before the Honorable Judge Buchter in November of 2015. Moreover, as came to light during the initial trial and then again at the retrial, exculpatory evidence was discovered soon after the murder, when the murder weapon and the decedent's cell phone was found in another individual's possession.

30. Throughout the entire process, Plaintiffs maintained their innocence. They refused offers and insisted the matter go to trial.

31. It should be noted, that initially, on the night of the alleged murder, Plaintiff Lance Hamilton was not present in the vehicle, as conceded to by his co-defendants and by the investigating officers.

32. Nonetheless, in August of 2014, the matter was set for trial.

33. During jury selection, Assistant District Attorney Karen Ross turned over material that been in their possession since the case's inception. Judge Buchter declared a mistrial.

34. This crucial and pivotal piece of evidence was a ballistic report, that revealed that the gun used in this murder, had been used two days earlier in a different shooting by another individual, Shameik Corbett, who was currently being prosecuted in the same county for attempted murder, by the same district attorney, Karen Ross.

35. Judge Buchter then declared a mistrial.

36. As more than a year went by, the matter was finally scheduled again for trial in the fall of 2015.

37. Seemingly something that is more likely to be part of a Hollywood script, the second trial perhaps was met with even more egregious of error.

38. Treating the plaintiffs with zero regard for their lives, spending over five years at Rikers Island, the same district attorney, revealed that the decedent's phone was found in Shameik Corbett's possession.

39. Now, not only was the gun in Corbett's possession but the decedent's phone as well. All things known to the police at the time of the arrests of the Plaintiffs.

40. The only witness identified by the prosecution was Jaysha Hemingway.

41. During the trial, the only alleged eyewitness, was unable to make any identifications, telling the court that she did not see the shooter in the courtroom.

42. It was one of several inconsistencies of which she told the Grand Jury which all turned out to be false.

43. Judge Buchter dismissed the case against Mr. Hamilton, not allowing to go to the jury, as the evidence was insufficient.

44. Shortly thereafter, the jury returned a verdict acquitting Mr. Bowen of all charges.

45. Upon information and belief, defendants failed to properly investigate the subject incident.

46. Upon information and belief, at no time did the defendants **POLICE OFFICERS** have probable cause or any objective reason to believe plaintiff committed a crime.

47. The eyewitness presented noncredible and misleading evidence, but more important, the instrument used in this murder and the decedent's recovered phone, the most important pieces evidences, were concealed by the defendants and buried by the prosecution.

48. Upon information and belief, no reasonable police officer would have believed that they had probable cause to arrest plaintiff(s) as the plaintiff(s) did not commit a crime.

49. Upon information and belief, despite knowing these facts, the defendants **POLICE OFFICERS** nevertheless falsely arrested and imprisoned the plaintiffs without probable cause or legal justification for over five years.

50. The false arrest and false imprisonment and malicious prosecution of the plaintiffs by the defendants caused him to sustain physical, psychological and emotional trauma.

## AS AND FOR A FIRST CAUSE OF ACTION: FOR FALSE ARREST AND FALSE IMPRISONMENT AGAINST THE CITY OF NEW YORK

51. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

52. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

53. As a result of the Defendants improper investigation, deliberately concealing key pieces of exculpating evidence defendants confined the plaintiffs for over five

years. In addition, the plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

54. The aforementioned defendants were at all times agents, servants, and employees acting within the scope of their employment with the **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, which are therefore responsible for their conduct.

55. Defendants, **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, as the employers of the defendants **POLICE OFFICERS** are responsible for their wrongdoing under the doctrine of respondeat superior.

56. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

57. That as a result of the foregoing, the plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AND AS FOR A SECOND CAUSE OF ACTION
## FOR: MALICIOUS PROSECUTION AGAINST THE CITY OF NEW YORK

58. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

59. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

60. Upon information and belief the defendants **CITY OF NEW YORK** commenced and continued a criminal proceeding against the plaintiffs.

61. There was actual malice and an absence of probable cause for the criminal proceeding against the plaintiffs for each of the charges for which she was prosecuted.

62. The prosecution and criminal proceedings terminated favorably for plaintiffs.

63. Plaintiffs were subjected to deprivation of liberty sufficient to implicate plaintiffs' Fourth Amendment rights.

64. Defendants **POLICE OFFICERS** were at all times agents, servants, and employees acting within the scope of their employment the **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, which are therefore responsible for their conduct.

65. Defendants **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, as the employers of the defendants **POLICE OFFICERS**, are responsible for their wrongdoing under the doctrine of respondeat superior.

66. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

67. That as a result of the foregoing, plaintiffs has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CASE OF ACTION: NEGLIGENCE

68. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

69. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

70. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION: GROSS NEGLIGENCE

71. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

72. The defendants, jointly and severally, were grossly negligent and caused the plaintiffs to suffer injuries. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

73. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured

## AS AND FOR A FIFTH CAUSE OF ACTION FOR:THE INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

75. By the actions described herein, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiffs.

76. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs.

77. As a result of the foregoing, plaintiffs sustained serious psychological and/or emotional disorders, mental anguish, embarrassment and humiliation.

78. All of the foregoing occurred without any fault or provocation by the plaintiffs.

79. Defendants retained employees were at all times agents, servants, and/or employees acting within the scope of their employment which is therefore responsible for their conduct under respondeat superior.

80. That as a result of their negligence, plaintiffs were forced to defend a frivolous action. And as a result suffered from emotional distress.

72. That as a result of the foregoing, plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION :FAILURE TO INTERVENE

73. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

74. Defendants had an affirmative duty to intervene on behalf of the plaintiffs, whose constitutional rights were being violated in the presence of other officers.

75. Defendants failed to intervene to prevent the unlawful conduct described herein.

76. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

77. Defendants were at all times agents, servants, employees, and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

78. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

79. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

80. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

81. The City of New York and its agents, servants, and/or employees acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on January 31, 2014, at the aforementioned location.

82. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR AN EIGHTH CAUSE OF ACTION: ABUSE OF PROCESS

83. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

84. By the conduct and actions described above, defendants employed regularly issues process against the plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm the plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of defendants were the direct and proximate cause of the injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

86. That as a result of the foregoing, the plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## JURY DEMAND

87. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

**WHEREFORE**, the plaintiffs demand the following relief jointly and severally against all of the defendants:

A. Compensatory damages;
B. Punitive damages;
C. The convening and empanelling of a jury to consider the merits of the claims herein;
D. Costs and interest and attorney's fees;
E. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       March 14, 2016

LAW OFFICE OF MATTHEW B. WALLER
By:

_____
MATTHEW B. WALLER
Attorneys for Plaintiffs
**LANCE HAMILTON and
TREVOR BOWEN**
20 Vesey Street - Suite 503
New York, New York 10007
212-766-4411

## ATTORNEY'S VERIFICATION

**MATTHEW B. WALLER**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiffs is because plaintiffs are not presently in the county wherein the attorneys maintain their offices.

Dated: New York, N.Y.
       March 14, 2016

                                                    _____
                                                    MATTHEW B. WALLER

Index No.:_____                                      Year: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
================================================================

LANCE HAMILTON and TREVOR BOWEN,

                      Plaintiffs,

   -against-

THE CITY OF NEW YORK, SERGEANT JOSEPH
MONTUORI, SHIELD # 4222, DETECTIVE DAVID
SHAPIRO, SHIELD #6054, NEW YORK
CITY POLICE OFFICER WILLIAM CONNICK,
SHIELD # 9546, NEW YORK CITY
POLICE OFFICERS JOHN DOES "1-4",

                      Defendants.

# VERIFIED COMPLAINT

**LAW OFFICE OF MATTHEW B. WALLER**
Attorneys for Plaintiff
**LANCE HAMILTON and
TREVOR BOWEN**
20 Vesey Street - Suite 500
New York, NY 10007
(212) 766-4404

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____    Signed: _____

Service of a copy of the within                                                  is hereby admitted.

Dated: _____    _____
                                                          *Attorney(s) for*