UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LANCE HAMILTON and TREVOR BOWEN,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, SERGEANT JOSEPH
MONTUORI, SHIELD # 4222, DETECTIVE DAYID
SHAPIRO,  SHIELD #6054, NEW  YORK
CITY POLICE OFFICER WILLIAM CONNICK,
SHIELD # 9546, NEW YORK CITY
POLICE OFFICERS JOHN  DOES "1-4",

                Defendants.
-------------------------------------------------------------------- x

Civil Action No.:
1:16-cv-01255-ARR-SMG

**AMENDED COMPLAINT**

**ECF CASE**

## PRELIMINARY  STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, were falsely arrested, falsely imprisoned and maliciously prosecuted in violation of their Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants unlawfully confined the plaintiff, caused the unjustifiable arrest of the plaintiff, and caused the unlawful prosecution of the plaintiffs.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § § 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred

upon this court by 28 U.S.C. § § 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.     The plaintiffs invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

**5.**  That at all times hereinafter mentioned the plaintiff **LANCE HAMILTON** was and is a resident of the County of Queens, City and State of New York.

6.  That at all times hereinafter mentioned the plaintiff **TREVOR  BOWEN**  was and is a resident of the County of Queens, City and  State of New York

7.     New York City Police SERGEANT JOSEPH MONTUORI,SHIELD # 4222 is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department, assigned to the 101st precinct.(HE BASICALLY HAD NOTHING TO DO WITH THE HOMICIDE INVESTIGATION, HE HELPED ARREST BOWEN ON 8/6/10 FOR POSSESSION OF A STOLEN CAR)

8.     SERGEANT JOSEPH MONTUORI is being sued in his individual and official capacity.

9.     At all times relevant herein, defendants SERGEANT JOSEPH MONTUORI was acting under color of state law in the course and scope of their duties and

functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT,** and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

10. New York City Police Detective David Shapiro ("Shapiro"), shield number 6054, is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department, assigned to the I 03 DetectiveSquad.

11. Detective Shapiro is being sued in his individual and official capacity.

12. At all times relevant herein, defendants Detective David Shapiro was acting under color of state law in the course and scope of his duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT,** and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.

13. New York City Police Officer William Connick ("Connick"), shield number 9546, is and was at all times relevant herein an agent, servant, employee, and/or officer oftheNewYorkCityPoliceDepartment,assignedtothe103'dprecinct.

14. New York City Police Officer William Connick is being sued in hisindividual and officialcapacity.

15. At all times relevant herein, defendants Officer William Connick was acting under color of state law in the course and scope of his duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT,** and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.

16.     Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

17.     Defendant **CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York CityPolice D e p a r t m e n t (hereafter N.Y.P.D.).

18.     At all times relevant hereto, defendant THE **NEW YORK CITY POLICE DEPARTMENT (NYPD)** is a city agency organized under the Municipal Corporation Law of the City of New York to provide safety to the citizens of New York.

19.     **POLICE OFFICERS, JOHN DOES "l"-"3",** (hereinafter defendants **POLICE OFFICERS)** are and were at all times relevant herein police officers, employees, and agents of the **NEW YORK CITY POLICEDEPARTMENT.**

20.     Defendants **POLICE OFFICERS** are being sued m their individualcapacities and officialcapacities.

21.     At all times relevant herein, defendants **POLICE OFFICERS** were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT,** and otherwise performed and engaged in conduct incidental to the performance   of   their   lawful functions  in the course of their duties.

22.     Defendants **POLICE OFFICERS** were acting for and on behalf of the **NEW YORK CITY POLICE DEPARTMENT,** at all times relevant herein, with the power and authority vested in them as police officers, agents and employees of the **NEW YORK CITY POLICE DEPARTMENT** and incidental to the lawful pursuit of their duties as police officers, employees and agents of the **NEW YORK CITYPOLICE DEPARTMENT.**

23.     At all times relevant hereto, defendants *POLICE OFFICERS* are individuals whose identities are not yet known to plaintiff and upon information and belief, participatedinconjunctionwithdefendantsincausingtheillegalarrestofplaintiff.

## NOTICE OF CLAIM

24.     Plaintiffs in furtherance of their stated cause(s) of action, filed timely Notices of Claim against the City of New York within 90 days of the statutory date of accrual in compliance with the Municipal Law Section50-e.

25.     That more than thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment has been neglected or refused by the City of NewYork.

26.     This action is being commenced within the applicable statute of limitation, within one year and ninety days of the date of occurrence (the time provided bylaw).

## FACTUAL ALLEGATIONS

27.     The alleged incident took place on August 5, 2010.

28.     On August 5, 2010, at approximately 05:20-05:45 A.M. in front of 147-67 109th Avenue, Jamaica, New York, in the County of Queens, the plaintiffs were alleged to have committed the murder of Damien Champbell by shooting him with a pistol.

29.     Based upon alleged eyewitness testimony, the Plaintiffs were indicted and were incarcerated on Rikers Island, for over five years defending this case, indictment 2047/2010, Supreme Court, Queens County. All of this alleged testimony proved to be false at the trial before the Honorable Judge Richard Buchter which commenced on September30, 2015. Moreover, as came to light during the initial trial and then again at the retrial, exculpatory evidence was discovered soon after the murder, when the murder weapon was shown to have been used less than two (2) days earlier by a known individual, Shamiek Corbett, to have shot one Kamar Haughton and the decedent's cellular telephone was found in Shamiek Corbett's possession upon his arrest on August 5, 2010 at 2:30 PM, less than 9 hours after the homicide of Champbell.

30.     Throughout the entire process, Plaintiffs maintained their innocence. In fact upon the arrest of three of the four persons charged with the murder, they indicated to the police that Shamiek Corbett was the murderer not them. This information was provided to them by Nathaniel Newsom, who was arrested within minutes of the homicide and by Bowen and Trotty soon thereafter. The police and the District Attorney's Office were on notice as to whom they should be looking at as the true suspect. The Plaintiffs refused all offers and insisted the matter go to trial.

31.     Nonetheless, on or about May 12, 2014, the trial of the matter was commenced in the Supreme Court of the State of New York, Queens County, Criminal Term, Part TAP-B.

32.     During jury selection, Assistant District Attorney Karen Ross turned over material that been in their possession since the case's inception. Most of this material was discovery which should have been turned over long before trial commenced. Hidden in this material was a Complaint Follow-up report number 58 (authored by Det. James Lusk, shield #4127, then of the 103rd Precinct Detective Squad of the N.Y.P.D.)which indicated that the weapon used in this homicide had been used in an incident on August 3, 2010 at about 11:45 to 11:52 A.M., less than 48 hours prior to the homicide by Shamiek Corbett. Judge Buchter declared a mistrial.

33.     This crucial and pivotal piece of evidence was a ballistic report, lab number 2010 F4458 dated August 25, 2010 (Det. Gregory DiCostanzo, shield #7077, Firearms Analysis Section

of the N.Y.P.D.), that revealed that the gun used in this murder, had been used two days earlier in a different shooting by another individual, Shameik Corbett, who was currently being prosecuted for attempted murder (Queens Indictment number 2070/10) by the Queens District Attorney's Office and for a murder (Queens Indictment number 3286/2010) as well by the same assistant district attorney, Karen Ross, that was handling the Plaintiffs murder case.

34.    When this issue was raised as a Brady violation by Mr. Hamilton's defense counsel, Judge Buchter then declared a mistrial.

35.    After more than a year went by, the matter was finally scheduled again for trial. Seemingly something that is more likely to be part of a Hollywood script, the second trial perhaps was met with even more egregious error.

36.    Treating the plaintiffs with zero regard for their lives, spending over five years at Rikers Island, the same district attorney, failed to reveal that the decedent's phone was found in Shamiek Corbett's possession upon his arrest about 9 hours after the homicide. This information was buried in thousands of pages of paperwork and was never revealed as Brady material by the District attorney as required by State and federal law. The information concerning the weapon and the telephone was developed by Mr. Hamilton's criminal defense counsel from the materials provided by the District Attorney, the very same materials available to the police and District Attorney.

37.    Now, not only was the gun in Corbett's possession but the decedent's phone as well. All things known to the police at the close in time to the arrests of thePlaintiffs.

38.    The only witness identified by the prosecution was Jaysha Hemingway.

39.    During the trial, the only alleged eyewitness, was unable to make any identification of Plaintiff Hamilton and identified Bowen in court as being involved. She identified Mr. Newsom as a shooter and he was arrested within minutes of the shooting at the scene, but gunshot residue testing proved negative for his clothing. Ms. Hemingway had alleged

in the Grand Jury that all four men arrested had fired guns into the car containing the deceased, but the ballistics evidence proved only one gun was used. She also alleged that all four men had touched the car and had entered the vehicle or taken something out of the vehicle, but no fingerprints of the four men charged were recovered from the vehicle. She also claimed to have clearly seen the incident and the four perpetrators, but her own testimony clearly puts doubt to that. In the first instance the evidence shows her view of two of the alleged perpetrators would have been blocked and that she made these observations in the dark from approximately 138 feet away across a busy street. She testified the four accused men touched the decedent's car repeatedly and entered it to remove some unknown items, but no fingerprints of any of the accused men were recovered from the vehicle. These were some of the things to which she testified which at best could be called inconsistencies, but clearly could be deemed lies.

40.    Had the assigned investigator, Det. David Shapiro, made the slightest effort to properly investigate the crime he would have known that Ms. Hemingway was either a liar or mistaken, but he failed to do even the most basic investigatory work. In his trial testimony Det. Shapiro revealed that he never went to the crime scene. He made a material error when he spoke to Ms. Hemingway and believed her to be on the corner closest to the shooting rather than the location Ms. Hemingway testified to which roadway some 138 feet from the shooting was across a major. Had Det. Shapiro properly determined where Ms. Hemingway claimed to have been situated during her alleged observations of the murder, he would or should have known she was lying due to the existence of a video tape of the scene which captured that location and in the words of Shapiro did not show Hemingway there until after the shooting had occurred.

41.    Judge Buchter entered a Trial Order of Dismissal as to Mr. Hamilton, not allowing the case to go to the jury, because Ms. Hemingway never identified Mr. Hamilton as being at the scene of the murder, as the evidence was insufficient as a matter of law.

42.   Shortly thereafter, the jury returned a verdict acquitting Mr. Bowen of all charges.

43.   Upon information and belief, defendants failed to properly investigate the subject incident.

44.   Upon information and belief, at no time did the defendants **POLICE OFFICERS** have probable cause or any objective reason to believe plaintiff committed a crime. Had the police and District Attorney properly investigated this case they would have realized that there was no credible evidence against the Plaintiffs and that most certainly the actual killer was Shamiek Corbett.

46.   The eyewitness presented non-credible and misleading evidence, but more important, the instrument used in this murder and the decedent's recovered phone, the most important pieces evidences, were concealed by the defendants and buried by the prosecution.

45.   Upon information and belief, no reasonable police officer would have believed that they had probable cause to arrest plaintiff(s) as the plaintiff(s) did not commit a crime.

46.   Upon information and belief, despite knowing these facts, the defendants **POLICE OFFICERS** nevertheless falsely arrested and imprisoned the plaintiffs without probable cause or legal justification for over five years. Had the police and District Attorney properly turned over the Brady material, there is a substantial likelihood that the Plaintiffs bail could have been altered from remand to an amount that could have been made, thus allowing them to be at liberty until the case was concluded and lessening the time that they had to spend in jail.

47.   The false arrest and false imprisonment and malicious prosecution of the

plaintiffs by the defendants caused him to sustain physical, psychological and emotional trauma; Mr. Hamilton sustained an assault while incarcerated resulting in lacerations to his face and Mr. Bowen had charges claiming that he assaulted Correction officers which proved to be untrue as that case pending in Bronx County was dismissed in its entirety.

### AS AND FOR A FIRST CAUSE OF ACTION: FOR FALSE ARREST AND FALSE IMPRISONMENT AGAINST THE CITY OF NEW YORK

48.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

49.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United StatesConstitution.

50.     As a result of the Defendants improper investigation, deliberately concealing key pieces of exculpating evidence defendants confined the plaintiffs for over five years. In addition, the plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

51.     The aforementioned defendants were at all times agents, servants, and employees acting within the scope of their employment with the **CITY OF NEW YORK,** and/or the **NEW YORK CITY POLICE DEPARTMENT,** which are therefore responsible for theirconduct.

52.     Defendants, **CITY OF NEW YORK,** and/or the **NEW YORK CITY POLICE DEPARTMENT,** as the employers of the defendants **POLICE OFFICERS** are responsible for their wrongdoing under the doctrine of respondeat superior.

53.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental

jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

54.     That as a result of the foregoing, the plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AND AS FOR A SECOND CAUSE OF ACTION FOR: MALICIOUS PROSECUTION AGAINST THE CITY OF NEW YORK

55.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

56.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

57.     Upon information and belief the defendants **CITY OF NEW YORK** commenced and continued a criminal proceeding against the plaintiffs.

58.     There was actual malice and an absence of probable cause for the criminal proceeding against the plaintiffs for each of the charges for which she was prosecuted.

59.     The prosecution and criminal proceedings terminated favorably for plaintiffs.

60.     Plaintiffs were subjected to deprivation of liberty sufficient to implicate plaintiffs' Fourth Amendment rights.

61.     Defendants **POLICE OFFICERS** were at all times agents, servants, and employees acting within the scope of their employment the **CITY OF NEW YORK,** and/or the **NEW YORK CITY POLICE DEPARTMENT,** which are therefore responsible for their conduct.

62.     Defendants **CITY OF NEW YORK,** and/or the **NEW YORK CITY POLICE DEPARTMENT,** as the employers of the defendants **POLICE OFFICERS,** are responsible for their wrongdoing under the doctrine of respond eat superior.

63.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

64.     That as a result of the foregoing, plaintiffs has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CASE OF ACTION: NEGLIGENCE

65.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

66.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

67.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION: GROSS NEGLIGENCE

68.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

69.     The defendants, jointly and severally, were grossly negligent and caused the plaintiffs to suffer injuries. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

70.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR:THE INTENTIONAL AND NEGLIGENT
### INFLICTION OF EMOTIONAL DISTRESS

71.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

72.     By the actions described herein, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severeemotionaldistresstotheplaintiffs.

73.     The acts and conduct of defendants were the direct and proximate cause of injuryanddamagetotheplaintiffs.

74.     As a result of the foregoing, plaintiffs sustained serious psychological and/or emotional disorders, mental anguish, embarrassment and humiliation.

75.     All of the foregoing occurred without any fault or provocation bythe plaintiffs.

76.     Defendants retained employees were at all times agents, servants, and/or employees acting within the scope of their employment which is therefore responsible for their conduct under respondeat superior.

77.     That as a result of their negligence, plaintiffs were forced to defend a frivolous action. And as a result suffered from emotionaldistress.

72.     That as a result of the foregoing, plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION :FAILURE TO INTERVENE

73.    Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

74.    Defendants had an affirmative duty to intervene on behalf of the plaintiffs, whose constitutional rights were being violated in the presence ofother officers.

75.    Defendants failed to intervene to prevent the unlawful conduct described herein.

76.    As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subject to false arrest and malicious prosecution, and otherphysical constraints.

77.    Defendants were at all times agents, servants, employees, and/or officers acting within the scope of their employment by the City of New York and the New York City PoliceDepartment,whicharethereforeresponsiblefortheirconduct.

78.    The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

79.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

80.    Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

81.     The City of New York and its agents, servants, and/or employees acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on January 31, 2014, at the aforementioned location.

82.     Pursuant to 28 IJ.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate suchclaims.

## AS AND FOR AN EIGHTH CAUSE OF ACTION: ABUSE OF PROCESS

83.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

84.     By the conduct and actions described above, defendants employed regularly issues process against the plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm the plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of defendants were the direct and proximate cause of the injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of NewYork.

85.     As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subject to false arrest and malicious prosecution, and other physicalconstraints.

86.     That as a result of the foregoing, the plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## JURY DEMAND

87.     Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

**WHEREFORE,** the plaintiffs demand the following relief jointly and severally against all

of thedefendants:

      A. Compensatorydamages;
      B. Punitivedamages;
      C. The convening and empanelling of a jury to consider the merits of the claims herein;
      D. Costs and interest and attorney'sfees;
      E. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
     July 28, 2016

                         LAW OFFICE OF MATTHEW B. WALLER
                         By:

                         MATTHEW B. WALLER
                         Attorneys for Plaintiffs
                         **LANCE HAMILTON and**
                         **TREVOR BOWEN**
                         20 Vesey Street - Suite 503
                         New York, New York 10007
                         212-766-4411

## ATTORNEY'S VERIFICATION

**MATTHEW B. WALLER,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I have read the annexed **AMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiffs is because plaintiffs are not presently in the county wherein the attorneys maintain their offices.

Dated: New York, N.Y.
July 28, 2016

MATTHEW B. WALLER

IndexNo.:_____                    Year: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------===------========-==================================
LANCE HAMILTON and TREVOR BOWEN,

                        Plaintiffs,

        -against-


THE CITY OF NEW YORK, SERGEANT JOSEPH
MONTUORI, SHIELD # 4222, DETECTIVE DAVID
SHAPIRO, SHIELD #6054, NEW YORK
CITY POLICE OFFICER WILLIAM CONNICK,
SHIELD # 9546, NEW YORKCITY
POLICE OFFICERS JOHN DOES "1-4",

                        Defendants.

# VERIFIED COMPLAINT

LAW OFFICE OF MATTHEW B. WALLER
Attorneys for Plaintiff
LANCE HAMILTON and
TREVOR BOWEN
20 Vesey Street - Suite 500
New York, NY 10007
(212) 766-4404

*Pursuant to 22 NY( J?J? J 30H1. 1, the undersigned, an attorneyadmilledtopractice in the courts of flew York State, certifies that, upon infonnationand belief and reasonable inqui.y, the contentions contained in the annexed docu111ent are notfrivolous.*

*Dated:.*                *Signed: — — _____      _____      _____*

*Service of a copy o,(thewithin*                              *is herebyadmitted.*

*Dated:*                _____
                        *Attomey(s) for*