UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
    :
LANCE HAMILTON and TREVOR BOWEN,     :    16-CV-1255 (ARR) (SMG)
    :
        Plaintiffs,    :    NOT FOR ELECTRONIC
    :    OR PRINT PUBLICATION
  -against-    :
    :    OPINION & ORDER
THE CITY OF NEW YORK; SERGEANT JOSEPH    :
MONTUORI, SHIELD #4222; DETECTIVE DAVID    :
SHAPIRO, SHIELD #6054; NEW YORK CITY POLICE    :
OFFICER WILLIAM CONNICK, SHIELD #9546; and    :
NEW YORK CITY POLICE OFFICERS JOHN DOES "1-    :
4",    :
    :
        Defendants.    :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

    Plaintiffs bring a civil rights action against defendant police officers and the City of New York (the "City"), alleging federal claims for false arrest,[1] malicious prosecution, and failure to intervene, as well as related state law claims. Before the court is the City's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The majority of plaintiffs' claims are dismissed because they merely recite the elements of the offense and include no underlying factual allegations. With respect to plaintiffs' false arrest and malicious prosecution claims, the amended complaint does not assert causes of action against individual plaintiffs, but only against the City of New York. However, because plaintiffs do not allege facts sufficient to find individual liability for either cause of action under federal or state law, their theory of City

---

[1] Plaintiffs also allege a cause of action for "false imprisonment." However, "false arrest and false imprisonment are synonymous causes of action because the elements of the claims are identical." Levantino v. Skala, 56 F. Supp. 3d 191, 200 (E.D.N.Y. 2014) (citing Murray v. Williams, No. 05 CV 9438, 2007 WL 430419, at *5 (S.D.N.Y. Feb. 8, 2007)). I therefore refer to this claim simply as "false arrest" throughout the opinion.

liability fails. Therefore, the motion to dismiss is granted in its entirety, and claims against all defendants are dismissed.

## BACKGROUND

### A. Allegations in the Amended Complaint

Damien Campbell was murdered on August 5, 2010. Am. Compl., ECF No. 11, ¶¶ 27-28. Plaintiffs were indicted for this crime at some point in 2010, and subsequently incarcerated. Id. ¶ 29. Although the complaint does not specify, presumably plaintiffs were arraigned on the indictment at some point in 2010. See id. Three of the four suspects charged with Campbell's murder, including both plaintiffs, identified one Shamiek Corbett as the murderer. Id. ¶ 30.

Plaintiffs' trial began on May 12, 2014. Id. ¶ 31. During jury selection, the Assistant District Attorney ("ADA") turned over a report to defense counsel indicating that the weapon used in Campbell's murder had been used in another homicide. Id. ¶¶ 32-33. The same ADA was prosecuting Corbett for the other murder. Id. ¶ 33. The ADA, and potentially others, had possessed this report "since the case's inception." Id. ¶ 32. As a result of this late disclosure, the presiding judge declared a mistrial. Id. ¶ 34.

Plaintiffs' second trial began over a year later. Id. ¶ 35. The prosecution's only eyewitness, Jaysha Hemingway, identified plaintiff Bowen but was unable to identify plaintiff Hamilton. Id. ¶ 39. Hemingway's testimony at trial thus differed from her testimony before the grand jury, where she had apparently identified both plaintiffs as participants in the murder. Id. In addition, according to plaintiff, Hemingway's testimony was contradicted by the physical evidence.[2] Id. For example, Hemingway testified that she had seen four men touch the car in

---

[2] It is not clear from the complaint whether the testimony contradicted by the physical evidence was given at the Grand Jury or at one of the plaintiffs' trials.

which Campbell was shot, but no fingerprints were recovered from the vehicle. Id. Her claim to have seen four perpetrators was allegedly belied by unspecified evidence showing that "her view of two of the alleged perpetrators would have been blocked." Id. According to the complaint, these inconsistencies were not properly investigated by defendant Detective David Shapiro, who had not visited the crime scene. Id. ¶ 40 ("Had . . . Det[ective] David Shapiro . . . properly investigate[d] the crime[,] he would have known that Ms. Hemingway was either a liar or mistaken.").

During plaintiff's second trial, it also came to light that the ADA had failed to disclose to defense counsel that Campbell's phone was found in the possession of Corbett about nine hours after Campbell's murder. Id. ¶ 36. At the conclusion of trial, the presiding judge dismissed the case against Hamilton, finding the evidence against him insufficient as a matter of law. Id. ¶ 41. The jury acquitted Bowen of all charges. Id. ¶ 42. During the five years from their arrests until the conclusion of their second trial, plaintiffs were incarcerated. Id. ¶ 29

According to the complaint, at the time the police arrested plaintiffs, unnamed officers knew that Corbett possessed the murder weapon and the victim's phone "close in time to the arrests of the Plaintiffs." Id. ¶ 37. The complaint alleges that, "the instrument used in this murder and the decedent's recovered phone, the most important pieces [of] evidence[], were concealed by the defendants and buried by the prosecution." Id. ¶ 46. The complaint does not identify which officers concealed these pieces of evidence, nor is it clear from whom they were concealed.[3]

---

[3] In their opposition to the instant motion, plaintiffs also assert facts not found in the amended complaint. Specifically, plaintiffs allege the existence of "surveillance video of the location on the night of the shooting" which "completely contradicted" the testimony of the State's eyewitness, and that defendant Shapiro signed the criminal complaint. Mem. Law Opp'n Def.'s Mot. Dismiss ("Pls.' Opp'n"), ECF No. 23, at 1, 8. However, "[n]ew [facts] not

**B. Proceedings Before This Court**

Plaintiffs filed their first complaint on March 14, 2016. Compl., ECF No. 1. Defendants requested a pre-motion conference regarding an anticipated motion to dismiss this complaint on June 14, 2016. Letter, ECF No. 7. In their letter, defendants argued that (1) the false arrest claims are time barred; (2) plaintiffs allege no personal involvement in any malicious prosecution by any of the named defendants and/or there existed probable cause for prosecution; and (3) plaintiffs' state law claims merely "summarily set forth the standard of such offences without providing any corresponding facts" demonstrating defendants' involvement. Id. at 2-3. Plaintiffs replied to this letter on June 21, 2016. Letter, ECF No. 8.

The pre-motion conference was held on June 29, 2016. See Minute Entry, ECF No. 9. At this conference, plaintiffs agreed to (1) withdraw their claim for false arrest, Tr. Telephone Conf., ECF No. 25, at 2:24-3:4; and (2) file an amended complaint, which would be their "last and best," id. at 4:3-11.

Plaintiffs filed the operative complaint on July 28, 2016. Am. Compl. The amended complaint alleges the following causes of action only against the City: false arrest/imprisonment under state and federal law; malicious prosecution under state and federal law; and negligent hiring, retention, training and supervision under state law. Id. ¶¶ 48-64, 80-82. Against all defendants, plaintiffs allege state law claims for negligence, gross negligence, intentional and

---

specifically asserted in the complaint <u>may not</u> be considered by courts when deciding a motion to dismiss." <u>Zick v. Waterfront Comm'n of N.Y. Harbor</u>, No. 11 Civ. 5093 (CM), 2012 WL 4785703, at *3 (S.D.N.Y. Oct. 4, 2012) (emphasis added) (quoting <u>Bernstein v. City of New York</u>, 06 Civ. 895, 2007 U.S. Dist. LEXIS 39286 (S.D.N.Y. May 24, 2007)); <u>see also</u> <u>Lerner v. Foster</u>, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003). I therefore do not consider any new facts plaintiffs allege in their opposition. Further, as explained <u>infra</u> n.8, the new allegations do not cure the defects in the amended complaint, and would not change this decision, were I to consider them.

negligent infliction of emotional distress, and abuse of process, and a federal claim for failure to intervene. Id. ¶¶ 65-79, 83-86.

On August 11, 2016, defendants moved for a second pre-motion conference regarding an anticipated motion to dismiss. Letter, ECF No. 13. This letter set forth substantially the same arguments as their first letter. See generally id. Plaintiffs responded on August 17, 2016. Letter, ECF No. 14. Finding no additional pre-motion conference necessary, the court granted defendants permission to bring the instant motion. Elec. Order dated Aug. 26, 2016.

## DISCUSSION

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. New York Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009). Thus courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 555).

**A. False Arrest and Malicious Prosecution**

The amended complaint does not assert a state or federal cause of action against the individual plaintiffs for false arrest or malicious prosecution. Am. Compl. ¶¶ 48-64. Rather, plaintiffs bring these claims only against the City.[4] Id. Plaintiffs assert that the City faces

---

[4] Plaintiffs also mention the New York Police Department ("NYPD") in some of their

liability because it is "responsible for the[] wrongdoing" of individual officers "under the doctrine of respondeat superior." Id. ¶¶ 52, 62. However, because plaintiffs do not allege facts sufficient to find individual liability for either cause of action, their theory of City liability also fails. Further, plaintiffs do not assert a claim against the City pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

### 1. Plaintiffs Do Not Allege Facts to Support Individual Liability

"Claims for false arrest or malicious prosecution[] brought under § 1983 . . . are 'substantially the same' as claims for false arrest or malicious prosecution under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) and citing Conway v. Vill. of Mount Kisco, 750 F.2d 205, 214 (2d Cir. 1984)). To state a claim of malicious prosecution under New York law, a plaintiff must allege: "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (quoting Colon v. City of New York, 455 N.E.2d 1248, 1250 (N.Y. 1983)). To state a claim for false arrest under New York law, a plaintiff must allege: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Id. at 75 (quoting Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994)).

Plaintiffs have failed to allege that defendant police officers "initiated" a malicious prosecution or "confined" the plaintiff. Indeed, the complaint alleges no personal involvement

---

allegations. See, e.g., Am. Compl. ¶ 15. NYPD is not a party to this action and, "[a]s an agency of the City, the Police Department is no a suable entity" in any event. See East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992).

6

by any officers other than Shapiro, whose alleged misconduct is discussed below.[5] While plaintiffs allege that the exculpatory information "was known to the police at the . . . time of the arrests," Am. Compl. ¶ 37, the amended complaint does not say which officers knew of this exculpatory information. Plaintiffs' generalized claims about what "the police" did or knew fails to give the "fair notice" required by Fed. R. Civ. P. 8(a). See Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) ("Fed. R. Civ. P. 8 . . . requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiffs' claim is and the ground upon which it rests.' By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiffs'] complaint failed to satisfy this minimum standard . . . ." (citing Ferro v. Ry. Express Agency, Inc., 296 F.2d 847, 851 (2d Cir. 1961); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995))).

With respect to the false arrest claim, the amended complaint does not allege which defendant, if any, arrested plaintiffs. In fact, the amended complaint does not allege any facts relating to plaintiffs' arrest. Plaintiffs fail to allege even the date, time or location of their arrest. Plaintiffs' conclusory statement that "defendants confined the plaintiffs for over five years[,] . . . the plaintiff[s] did not consent to the confinement[,] and the confinement was not otherwise privileged," Am. Compl. ¶ 50, does no more than "recite[] the elements of a cause of action," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, the amended complaint fails to state a claim for false arrest.[6]

---

[5] In fact, in the initial listing of parties to this action, the complaint specifies that one of the named officers "BASICALLY HAD NOTHING TO DO WITH THE HOMICIDE INVESTIGATION, HE HELPED ARREST BOWEN ON 8/6/10 FOR POSSESSION OF A STOLEN CAR." Am. Compl. ¶ 7.

[6] In addition, plaintiffs withdrew their false arrest claim on the record before filing the amended complaint, see Tr. Telephone Conf., ECF No. 25, at 2:24-3:4, and it appears that this

7

With respect to the malicious prosecution claim, "New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant." Gilman v. Marsh & McLennan Cos., 868 F. Supp. 2d 118, 128 (S.D.N.Y. 2012) (citing Takacs v. City of New York, No. 09 Civ. 481(LBS), 2011 WL 8771384, at *4 (S.D.N.Y. Jan. 24, 2011)). "Where an action is brought against the arresting officer, a . . . showing of misconduct is required to overcome the presumption . . . that the prosecutor exercised independent judgment in deciding whether to initiate the criminal proceeding." Takacs, 2011 WL 8771384, at *4 (citing Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)). This showing is required because "once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution." Alcantara v. City of New York, 646 F. Supp. 2d 449, 459 (S.D.N.Y. 2009) (quoting Douglas v. City of New York, 595 F. Supp. 2d 333, 342 (S.D.N.Y. 2009)). This rule is subject to an exception based on Ricciuti, 124 F.3d 123, if an officer provides manufactured evidence to prosecutors that influences a decision whether to prosecute. See Alcantara, 646 F. Supp. 2d at 459.

The only allegation of misconduct by an identified police officer is the allegation that Shapiro conducted a deficient investigation at some point before plaintiffs' second trial. See Am. Compl. ¶ 40 (basing allegation of improper investigation on Shapiro's trial testimony).

---

claim is barred by the applicable statute of limitations. In New York, false arrest claims are subject to a three-year statute of limitations from the time of arraignment. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (false arrest statute of limitations begins to run at arraignment); Owens v. Okure, 488 U.S. 235, 249-50 (1989) (New York false arrest statute of limitations is three years). Plaintiffs were arrested and arraigned in 2010 and thus needed to commence their claims by 2013. They did not bring this action until 2016.

8

There is no allegation that Shapiro arrested plaintiffs or that he withheld any exculpatory information from the ADA.[7] In fact, all of the actions allegedly taken by Shapiro predated the ADA's decision to prosecute the case, thus breaking the "chain of causation." Plaintiffs do not allege that any defendant provided manufactured evidence to prosecutors, so the Ricciuti exception does not apply. No allegation in the amended complaint overcomes the presumption that the prosecutor exercised independent judgment in choosing to prosecute plaintiffs.[8]

"In regards to the non-moving Individual Defendants, this Court has the power to dismiss a complaint against them, so long as it is exercised cautiously and on notice. . . . [The City's] motion put Plaintiff[s] on notice of the grounds for dismissal and Plaintiff[s] [were] afforded an

---

[7] Indeed, the complaint implies that the ADA, not the police, made the decision to conceal exculpatory material from defense counsel. See Am. Compl. ¶ 32 ("During jury selection [at plaintiffs' first trial], Assistant District Attorney Karen Ross turned over material that [had] been in their possession since the case's inception."); id. ¶ 36 ("[T]he same district attorney[] failed to reveal that the decedent's phone was found in Shameik Corbett's possession upon his arrest about 9 hours after the homicide.").

[8] Plaintiffs also argue that the defendants "ignored real evidence in their possession which would have showed that the only eyewitness to this murder was lying," namely "surveillance video of the location on the night of the shooting." Pls.' Opp'n at 1. As noted, supra n.1, the complaint does not contain any allegation about the videotape. Plaintiffs also allege for the first time in their opposition that Detective Shapiro initiated the prosecution by signing the criminal complaint. Id. at 8. As explained, supra n.3, I do not consider these new allegations in deciding this motion.

However, even if I were to consider these new allegations, the result would be the same. Plaintiffs do not specify which officers possessed the allegedly exculpatory videotape, see Pls.' Opp'n at 2. Nor is it clear how plaintiffs became aware of this videotape or whether the ADA knew of this videotape. Id. As with the other exculpatory evidence the police allegedly undervalued in their investigation, plaintiffs have failed to allege that any police officer withheld information about the video from the ADA.

Furthermore, the fact that Shapiro signed the criminal complaint does not overcome the presumption of independent judgment by the prosecutor. As with plaintiffs' allegation that Shapiro conducted a deficient investigation, this action occurred before the ADA formally charged plaintiffs, thus breaking the "chain of causation," and there is no allegation that Shapiro provided false information to the ADA.

9

opportunity to respond." Pehlivanian v. China Gerui Advanced Materials Grp., 153 F. Supp. 3d 628, 655 (S.D.N.Y. 2015) (citing Wachtler v. City of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) and Alki Partners, L.P. v. Vatas Holding GmbH, 769 F. Supp. 2d 478, 499 (S.D.N.Y. 2011), aff'd sub nom. Alki Partners, L.P. v. Windhorst, 472 Fed. App'x 7 (2d Cir. 2012) (summary order)). Therefore, plaintiffs' claims against the individual defendants are dismissed

### 2. Plaintiffs' Theories of City Liability Fail

Because plaintiffs fail to allege wrongdoing by any particular police officer, they also fail to state a claim against the City. Plaintiffs assert that the City faces liability because it is "responsible for the[] wrongdoing" of individual officers "under the doctrine of respondeat superior." Id. ¶¶ 52, 62. Under this doctrine, "an employer is answerable for the torts of an employee who acts within the scope of his or her employment." See Rausman v. Baugh, 682 N.Y.S.2d 42, 43 (N.Y. App. Div. 1998). However, if there is no liability by the employee, there is no liability to impute to the employer. Therefore, because plaintiffs have not alleged liability by an employee, they have not alleged liability by the City.

City liability for § 1983 claims could arise under Monell, 436 U.S. 658. Plaintiffs do not plead Monell liability. If they had, however, their Monell claims would be "derivative of [plaintiffs'] claims against the individual defendants, and therefore any claims dismissed as against the individual defendants must also be dismissed as against the City." Pinter v. City of N.Y., 448 F. App'x 99, 106 (2d Cir. 2011). "[I]f [the police officer] inflicted no constitutional injury on respondent, it is inconceivable that [the City] could be liable to respondent." Id. (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). Therefore, because plaintiffs fail to plead liability of the individual officers, their claims against the City fail.[9]

---

[9] The parties spend much of their briefing disputing (1) the effect of plaintiff Bowen's

### B. Additional Claims

Plaintiffs do not allege facts in support of their additional state law claims, or their federal claim for failure to intervene. Rather, they simply recite the elements of the various causes of action. See Am. Compl. ¶¶ 65-86. This warrants dismissal of these claims. Iqbal, 556 U.S. at 678 ("[A] formulaic recitation of the elements of a cause of action will not do." (quoting Twombly, 550 U.S. at 555)). Moreover, these claims are defective for the same reason the malicious prosecution claim is defective: To the extent facts are alleged, plaintiffs do not allege a single fact supporting an allegation of wrongdoing on the part of any individual officer. Therefore, the remaining claims are dismissed for substantially the same reasons explained above.

### C. Leave to Replead

Plaintiffs have not requested leave to replead. However, if they had, it would be denied. Plaintiffs agreed on the record that the amended complaint would be their "last and best." Tr. Telephone Conf., ECF No. 25, at 4:3-11. The court put plaintiffs on notice of the deficiencies in their complaint relevant to this opinion before they repleaded, see id. at 3:6-4:6; see also Letter, ECF No. 7, yet they failed to address them. Moreover, as explained supra n.3 & n.8, even the additional facts alleged in plaintiffs' opposition fail to lend plausibility to their complaint. Therefore, I find that leave to replead would be futile. See Collier v. Aksys Ltd., No. 3:04CV1232(MRK), 2005 WL 1949868, at *18 (D. Conn. Aug. 15, 2005) (denying leave to

---

guilty plea to assault on an officer on his claim for false arrest, see Pls.' Opp'n at 4-5; Def. City N.Y. Reply Mem. Further Supp. Mot. Dismiss Compl. Pursuant Fed. R. Civ. P. 12(b)(6), ECF No. 24, at 1-2, and (2) that there was probable cause for prosecution on the face of the complaint, see Mem. Law Supp. Def. City N.Y. Mot. Dismiss Compl. Pursuant Fed. R. Civ. P. 12(b)(6), ECF No. 21, at 6-8, Pls.' Opp'n at 5-8. Because I decide this motion on other grounds, I do not reach these arguments.

11

replead where plaintiff had prior opportunity to replead, conceded at oral argument that amended complaint would be his last and best, and did not seek opportunity to replead).

## CONCLUSION

Therefore, because the amended complaint fails to allege specific misconduct by the police, the motion to dismiss is granted, and plaintiffs' complaint is dismissed in its entirety. Leave to replead is denied. The Clerk of Court is respectfully directed to enter judgment in favor of the defendants, and close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:        February 6, 2017
                Brooklyn, New York